UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

COASTAL LUMBER COMPANY,

*Petitioner,*

v.

NATIONAL LABOR RELATIONS BOARD,

*Respondent,*

UNITED STEELWORKERS OF AMERICA,
AFL-CIO CLC,

*Intervenor.*

No. 01-1144

NATIONAL LABOR RELATIONS BOARD,

*Petitioner,*

v.

COASTAL LUMBER COMPANY,

*Respondent,*

UNITED STEELWORKERS OF AMERICA,
AFL-CIO CLC,

*Intervenor.*

No. 01-1230

On Petition for Review and Cross-Application for Enforcement
of an Order of the National Labor Relations Board.
(6-CA-31698)

Argued: September 26, 2001

Decided: October 30, 2001

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

Petition for review and cross-application for enforcement denied, and case remanded with instructions by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** John S. Burgin, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, Raleigh, North Carolina, for Coastal Lumber. Darlene Marie Haas, NATIONAL LABOR RELATIONS BOARD, Washington, D.C., for Board. Daniel Martin Kovalik, Assistant General Counsel, UNITED STEELWORKERS OF AMERICA, AFL-CIO/CLC, Pittsburgh, Pennsylvania, for Intervenor. **ON BRIEF:** Sheri Lea Roberson, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, Raleigh, North Carolina, for Coastal Lumber. John H. Ferguson, Associate General Counsel, Aileen A. Armstrong, Deputy Associate General Counsel, Meredith Jason, Senior Attorney, NATIONAL LABOR RELATIONS BOARD, Washington, D.C., for Board.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

The National Labor Relations Board found that Coastal Lumber Company committed unfair labor practices by refusing to bargain with a unit certified by the Board. Coastal petitioned this court for review of the Board's order, contending that six employees in the unit are supervisors and therefore not entitled to organize and bargain collectively. The Board cross-petitioned for enforcement of its order.

While this appeal was pending, the Supreme Court issued its opinion in *NLRB v. Kentucky River Community Care, Inc.*, 121 S. Ct.

1861 (2001). Although portions of the regional director's opinion[1] in this case seem to use an analysis that perhaps is unaffected by the Court's holding in *Kentucky River*, some of the conclusions could be understood to rest upon the type of analysis that was rejected by the Supreme Court in *Kentucky River*.

A reviewing court is limited to considering only the analysis in the Board's decision; a court cannot "enforce the Board's order by applying a legal standard the Board did not adopt." *Kentucky River*, 121 S. Ct. at 1871; *see also SEC v. Chenery Corp.*, 332 U.S. 194, 196-97 (1947) ("It will not do for a court to be compelled to guess at the theory underlying the agency's action; nor can a court be expected to chisel that which must be precise from what the agency has left vague and indecisive. In other words, [w]e must know what a decision means before the duty becomes ours to say whether it is right or wrong." (internal quotation marks omitted)). Because the decision in this case can be read to have been premised in part on an incorrect legal standard, we decline to review or enforce the Board's order at this juncture and we remand the case to the Board for reconsideration in light of the Supreme Court's decision in *Kentucky River*.[2] *See Southwest Merch. Corp. v. NLRB*, 943 F.2d 1354, 1361 (D.C. Cir. 1991) (remanding case to the Board for clarification because of, among other things, "the ambiguity surrounding [the Board's] legal theory and the relationship of that theory to the facts found"); *cf. NLRB v. Hub Plastics, Inc.*, 52 F.3d 608, 611 (6th Cir. 1995) ("If the Board applies what we consider the incorrect standard, . . ., we must

---

[1]The Board summarily denied Coastal's request for review of the regional director's opinion.

[2]Because the supervisory-status question is the primary issue in this case, we believe that resolution of the waiver issue raised by the Board and the Union is better left until after the Board addresses the supervisory-status issue on remand. *Cf. NLRB v. Gimrock Constr., Inc.*, 247 F.3d 1307, 1308 n.1 (11th Cir. 2001) (declining to consider certain issues given the court's conclusion that the case must be remanded to the Board "for a thorough explanation of the Board's disposition of Respondent's first claim").

deny enforcement and remand the case for reconsideration in light of the proper standard.").

*PETITION FOR REVIEW AND CROSS-APPLICATION*
*FOR ENFORCEMENT DENIED; CASE REMANDED*
*WITH INSTRUCTIONS*